IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gensing Cokley, ) | Civil Action No.:2:12-02987-RMG-BHH |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Warden of Kirkland Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a state prisoner proceeding *pro se*, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court upon Respondent's Motion for Summary Judgment (Dkt. No. 20).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought the instant habeas action on or about October 16, 2012. (See Dkt. No. 1.) On January 18, 2013, Respondent filed a Motion for Summary Judgment. (Dkt. No. 20; see also Dkt. No. 21.) By order filed January 18, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 22.) Petitioner filed his Response in Opposition on or about February 1, 2013. (Dkt. No. 24.)

## PROCEDURAL HISTORY

The Petitioner is currently confined at Kirkland Correctional Institution. In September of 2003, the York County Grand Jury indicted the Petitioner for murder, possession of a weapon during a violent crime, attempted armed robbery, and conspiracy to commit armed robbery. (R. at 1105-10.) Petitioner was represented by Harry A. Dest, Esquire, and B.J.

Barrowclough, Esquire. Petitioner proceeded to a jury trial before the Honorable Steven John on September 19-23 of 2005. (See R. at 1.) Petitioner was found guilty on all four charges on September 23, 2005. (R. at 943.) The Honorable Steven John sentenced Petitioner to fifty years for murder; five years for possession of a weapon during a violent crime, to run concurrently with the murder sentence; twenty years for attempted armed robbery, to run consecutive to the murder sentence; and five years for conspiracy to commit armed robbery, to run concurrently with the murder sentence. (R. at 964.)

Petitioner appealed and was represented on appeal by Joseph Savitz, Esquire, of the South Carolina Office of Appellate Defense. (See Dkt. No. 21-9.) In an Anders[1] brief filed on March 8, 2007, appellate counsel argued that the "trial judge committed reversible error when he failed to instruct the jury on the defense of alibi." (Dkt. No. 21-9 at 4 of 11.) Mr. Savitz also filed a petition to be relieved as counsel. (Id. at 9 of 11.) Petitioner filed a *pro se* Response to the Anders brief. (Dkt. No. 21-10.) In his *pro se* Response, Petitioner contended (a) the trial judge should not have allowed Antwan Walton to testify; (b) the trial judge should not have allowed the "alleged statement" Petitioner gave to James White into evidence; and (c) the trial judge should have granted Petitioner's motion for a directed verdict. (See Dkt. No. 21-10.)

In an unpublished opinion filed on March 24, 2008, the South Carolina Court of Appeals dismissed Petitioner's appeal and granted counsel's petition to be relieved. See State v. Coakley, 2008-UP-203 (S.C. Ct. App. Mr. 24, 2008); see also Dkt. No. 21-11. The Court of Appeals issued the remittitur on April 11, 2008. (Dkt. No. 21-12.)

On or about April 11, 2008, Petitioner filed an application for post-conviction relief ("PCR"). (See Dkt. No. 21-7 at 156-66 of 180.) Petitioner raised the following grounds in his application:

    1. Ineffective Assistance of Counsel

---

[1] Anders v. California, 386 U.S. 738 (1967).

2

>> a. "there should have been an alibi charge,"
>
>> b. "a witness (security guard) that witnessed the events that led up to the crime (life threatening phone calls) did not partake in the trial,"
>
>> c. "the boyfriend" who made life threatening phone calls "was not charged in this case"
>
>> d. failure to adequately address juror misconduct
>>> i. "There was prejudice and bias against me and the jury was unfair;"
>>> ii. "one or two of the jurors that admitted to knowing the victim's family. Therefore the whole jury was influenced by this situation and it should have been an automatic mistrial."
>
> 2. Trial Court Error
>
>> a. Trial court erred in failing to grant motion for directed verdict.

(Dkt. No. 21-8 at 84 of 112.)

An evidentiary hearing was originally set for May 19, 2009, but at that hearing, the Honorable John C. Hayes, III recused himself. (R. at 1056-58.) Because one of Petitioner's witnesses–Ms. Nakima Jones–had flown in from New York to testify at Petitioner's hearing, Petitioner's PCR counsel took Ms. Jones' deposition by testimony so that she would not have to make another trip from New York. (R. at 1059-79.) The evidentiary hearing was rescheduled and eventually took place on February 5, 2010, before the Honorable Brooks P. Goldsmith. (R. at 992-1055.) Petitioner was present and represented by Matthew Neimic, Esquire, and Walter Duskey, Esquire. (R. at 992.) In an order dated March 23, 2010, Judge Goldsmith denied the application for post-conviction relief and dismissed the petition. (R. at 1080-1104.)

On October 4, 2010, Robert M. Pachak, Esquire, of the South Carolina Commission on Indigent Defense, filed a <u>Johnson</u> Petition for Writ of Certiorari. (Dkt. No. 21-13.) Therein, Petitioner raised the following issue: "Whether defense counsel was ineffective in failing to

3

pursue an alibi defense?" (Dkt. No. 21-13 at 3 of 8.) Counsel also filed a petition to be relieved as counsel. (Id. at 7 of 8.) Petitioner did not file a *pro se* brief.

In an order filed September 20, 2012, the South Carolina Court of Appeals entered an order denying the petition for writ of certiorari, and granting counsel's request to be relieved. (Dkt. No. 21-14.) The matter was remitted to the lower court on October 9, 2012. (Dkt. No. 21-15.)

The Petitioner then filed the instant habeas action raising the following ground for review:

> **Ground One**: Judge did not grant me an alibi charge.
> **Supporting Facts**: I claimed to be elsewhere during the commission of the crime. The judge did not instruct the jury on alibi. Defense counsel did not take exception to its omission.
>
> **Ground Two**: There should have been a D.N.A. charge.
> **Supporting Facts**: Throughout my case file and throughout my trial the discussion was: the body had 2 foreign hairs on it. This should have warranted a D.N.A. charge. This is "relevant evidence."
>
> **Ground Three**: I should have been offered a manslaughter plea.
> **Supporting Facts**: At my P.C.R. hearing my ex-counsel/trial attorney stated that they offered me 15 years for manslaughter. There is no recorded information in my trial transcript to support this claim, by my ex-lawyer.

(Dkt. No. 1.)

## APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597

F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

5

## **DISCUSSION**

Respondent moved for summary judgment on all three grounds; the undersigned will address the three grounds for relief in turn.

**A. Ground One**

As Respondent notes in his Memorandum in Support of his Motion for Summary Judgment, the claim set forth in Ground One appears to be two claims: one of trial court error and one of ineffective assistance of counsel. (See Dkt. No. 21 at 31.) As noted above, Petitioner claims in Ground One the trial judge did not give an alibi charge and that "[d]efense counsel did not take exception to its omission." (Dkt. No. 1.) The undersigned will address the alleged error of the trial court first and then examine the claim of ineffective assistance of counsel.

### **1. Alleged Trial Court Error**

To the extent Petitioner contends he is entitled to habeas relief on the grounds that the trial court erred in failing to give an alibi instruction, Respondent contends this issue is procedurally barred because "Petitioner made no request at trial for an alibi instruction nor did he object to the jury's instructions after they were given." (Dkt. No. 21 at 31.) Although Petitioner filed a Response in Opposition, Petitioner did not address this argument. (See Dkt. No. 24.)

"Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) (quoting McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000)). As the Fourth Circuit stated in Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004),

6

> [The] exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (internal quotation marks and citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"-which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 845, 847, 119 S.Ct. 1728. And this opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir.2000) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted)). In other words, the ground must "be presented face-up and squarely." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

Longworth, 377 F.3d at 448.

Procedural default may be excused if the Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).[2]

In the instant case, no alibi instruction was requested, and Petitioner did not object to the jury instruction given by the trial judge. (See R. at 828-44, 920-40.) Although appellate counsel for Petitioner raised the issue in his Anders brief, the issue was barred because it was not raised at the trial level. See State v. Hoffman, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) (an issue which is not preserved cannot be raised for the first time on appeal); State v. Rice, 348 S.C. 417, 559 S.E.2d 360 (Ct. App. 2001); see also Crestwood Golf Club, Inc. v. Potter, 328 S.C. 201, 215, 493 S.E.2d 826, 834 (1997). The alleged error of the trial

---

[2]In the alternative for showing cause and prejudice, a petitioner must demonstrate a miscarriage of justice, e.g., actual innocence. Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner has not shown that he is actually innocent of the at-issue crimes. Schlup v. Delo, 513 U.S. 298, 327 (1995).

7

court is therefore procedurally barred. See Breard v. Greene, 523 U.S. 371, 375 (1988); see also Smith v. Murray, 477 U.S. 527, 533 (1986); Smith v. Secretary, Dep't of Corrs. 572 F.3d 1327, 1336-37 (11th Cir. 2009).

Furthermore, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Because ordinarily "instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues," Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir.1960), claims involving jury instructions are not cognizable on federal habeas review, unless the giving of the instruction violated a right guaranteed by the Fourteenth Amendment. See Cupp v. Naughten, 414 U.S. 141, 146-47 (1973). In addition, the failure to give an instruction bears a "heavy burden" on the petitioner as "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." Henderson v. Kibbe, 431 U.S. 145, 155 (1977). The Petitioner has not made such a showing here, and thus the claim is not cognizable.

In State v. Diamond, 280 S.C. 296, 312 S.E.2d 550 (1984), the South Carolina Supreme Court rejected the appellant's claim that the trial court erred in refusing to charge the law of alibi. Diamond, 280 S.C. at 297, 312 S.E.2d at 550. The court stated therein,

> "To establish an alibi, the accused must show that he was at another specified place at the time the crime was committed, thus making it impossible for him to have been at the scene of the crime." State v. Robbins, 275 S.C. 373, 271 S.E.2d 319 (1980). . . . Mere denial of one's presence at the scene of a crime does not constitute an alibi. Id.

Diamond, 280 S.C. at 297, 312 S.E.2d at 550. Petitioner contends in his Response in Opposition that an alibi charge should have been given because in his initial statement to

8

police, he stated "that he was elsewhere and had nothing to do with the commission of the crime." (Dkt. No. 24 at 1 of 2.)

There was testimony at Petitioner's trial that Petitioner originally stated he did not know anything about the crime and was not involved. (R. at 590, 699.) As explained in Diamond, however, the "[m]ere denial of one's presence at a crime scene does not constitute an alibi." Diamond, 280 S.C. at 297, 312 S.E.2d at 550. Petitioner's statement that he was not involved simply does not constitute an alibi. See Walker v. State, 397 S.C. 226, 238, 723 S.E.2d 610, 617 (Ct. App. 2012) (counsel's failure to investigate alibi witness was not prejudicial because "her testimony does not qualify as an alibi. Reed's testimony makes it less likely Walker is guilty. Taken as a whole, however, her testimony does not account for Walker's whereabouts on March 2, 2002, such that it was physically impossible that he committed the crimes."); see also United States v. Jett, 18 Fed. App'x 224, 240 (4th Cir. 2001) ("Underwood's 'alibi' defense consisted of testimony from himself and others that he was present at the restaurant at the same time as A. Carter but that he did not shoot A. Carter and left the scene before the shooting occurred. As the Government points out, this is not an alibi; it is simply an assertion of innocence."). Petitioner is not entitled to habeas relief on the claim that the trial court erred in failing to give an alibi instruction.

**2. Ineffective Assistance of Counsel**

Petitioner contends that his trial counsel was ineffective for failing to request an alibi instruction and/or object to the trial court's failure to include an alibi instruction. (Dkt. No. 1.) Strickland v. Washington, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court

9

must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review is doubly" deferential. Harrington v. Richter, 131 S.Ct. 770, 788 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 131 S.Ct. at 788.

Petitioner raised this issue in his PCR application and in his petition for writ of certiorari. Judge Goldsmith thoroughly addressed this claim in his order denying post-conviction relief. (See R. at 1088-97.) That order stated, *inter alia*,

> This Court finds the Applicant's testimony that he received ineffective assistance of trial counsel is not credible, while also finding trial counsel's testimony regarding their trial strategy is credible. . . . In the present action, Harry A. Dest, Esquire, and B.J. Barrowclough, Esquire, articulated valid strategic reasons for the decisions they made regarding trial strategy, particularly concerning an alibi jury charge, calling witnesses, third party guilt[], and their handling of the juror issue. As a result, and as discussed further below, the Applicant has not met his burden of proving that counsels' performance was deficient or that he was prejudiced by any alleged deficiency.

(R. at 1088.)

10

At his PCR hearing, Petitioner testified that he had an alibi but that his "attorneys never mentioned the alibi to [him] or during the course of the trial." (R. at 998.) Petitioner testified that his alibi witness was Nakima Jones, and that he gave her contact information to his attorneys, but that they "shook it off" and "tried to stay away from it." (Id.) Petitioner testified that, at the time of the crime, he was in Charlotte, North Carolina, with Ms. Jones and their son. (R. at 998-99.) Ms. Jones' previous testimony was made part of the PCR records. (See R. at 1007-08.) Mr. Dest testified as follows:

> [Petitioner] never told me and he never told Mr. Barrowclough that he had an alibi witness. The first mention of an alibi witness came closer to the eve of trial where he says he was with Ms. Jones. He told our investigator, Barton O'Kelly, who has been with us for over 16 years, and he said that this woman, according to Mr. O'Kelly in my conversations with Mr. O'Kelly, Mr. O'Kelly called Ms. Jones in New York and Mr. O'Kelly was very thorough about the dates in question and she said apparently according to that conversation that she wasn't with him on those days. So we didn't have an alibi witness based upon Mr. O'Kelly's conversation with Ms. Jones. I think it's important to note, and Mr. O'Kelly related this to me as well, that towards the end of that conversation[] Ms. Jones told Mr. O'Kelly, "Well, tell me what you want me to say and I will say anything you want me to say." Of course, Mr. O'Kelly then informed her that it would be both illegal and unethical to fabricate evidence and we would not do that in any way, shape or form. After Mr. O'Kelly related that conversation with me obviously we determined that we did not have an alibi witness that we could in good faith present as part of his defense. Mr. O'Kelly–well, upon telling Mr. Cokley that, Mr. Cokley informed all of us that he did not want us to talk to anyone from New York, did not want us to talk to Ms. Jones after we had that conversation with Ms. Jones. So then we were forced to basically figure out a way to present his contention or argument that he wasn't there on the day in question.

(R. at 1011-12.) Mr. Dest testified that their strategy was to (a) attack the lack of forensic evidence that connected Petitioner to the crime scene; (b) point the finger at Petitioner's co-defendant as the main perpetrator; and (c) attack Walton. (R. at 1012-13.)

In rejecting the claim set forth in Ground One, the PCR judge detailed the testimony of Ms. Jones. (R. at 1089-92.) Judge Goldmith's order states,

> According to counsel's testimony, the Applicant did not inform them of any alibi witness until the eve of trial. When trial counsel looked into the

11

>Applicant's alibi witness, Nakima Jones, they determined that, not only could she not recall specifics about the night of the crime, she was willing to fabricate testimony at the Applicant's trial. Even after reviewing Jones' May 2009 deposition testimony, and the alibi she says she could have presented at the Applicant's trial if called to testify, both Dest and Barrowclough testified that they would not have presented that testimony at trial, because it was not credible and would have hurt their defense. Both Dest and Barrowclough also testified that throughout their meetings with the Applicant prior to trial, when they asked him where he was the night the crime occurred, the Applicant would not tell them.
>
>According to the Applicant's testimony, he alleges to have given his initial attorneys the name and phone number of an alibi witness to contact. Trial counsel testified the Applicant only gave them this information on the eve of trial despite their several attempts to get the Applicant to tell them where he was the night of the crime. They testified they, through their investigator, looked into this witness before trial, and determined that she was not credible and was willing to lie for the Applicant. Trial counsel testified further that Jones' May 2009 deposition does not allege any specifics about an alibi that they could have presented at trial and would have hurt their defense. The Applicant's testimony about trial counsel's failure to request an alibi charge is further discredited by the fact that the Applicant did not present this alibi, through Jones, until January 2009 after she was contacted by PCR counsel, and that, in his PCR application, the Applicant alleges he "claimed to be 'else where' during the commission of the crime" but makes no reference to where he was the night of the crime or to Jones.
>
>This Court finds that trial counsel were not ineffective for failing to request an alibi jury charge from the trial court, nor were they ineffective for not calling Jones[] to testify at trial. In preparing for and leading up to trial, the Applicant would not give counsel any information or evidence that he was at another place at the time of the crime, and the only alibi witness he gave them was willing to fabricate evidence. When he spoke with counsel, the Applicant simply denied being present at the scene. A simple denial of one's presence at the scene does not constitute an alibi. See Diamond, 280 S.C. 296, 297, 312 S.E.2d 550 (1984), *quoting* Robbins, 275 S.C. 273, 271 S.E.2d 319 (1980). The facts must support a jury instruction for it to be proper. State v. Crosby, 355 S.C. 47, 584 S.E.2d 110 (S.C. 2003). Therefore, trial counsel could not establish an alibi defense during the Applicant's trial, and they would not have been entitled to an instruction of alibi had they asked for one. Id. Therefore, trial counsels' representation was not deficient, and this allegation is denied.

(R. at 1095-97.)

Petitioner has not shown this determination was contrary to–or an unreasonable application of–clearly established federal law, nor has Petitioner shown the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. See 28 U.S.C. § 2254. As noted in the passage above, the PCR court found that, although Petitioner claimed to be elsewhere at the time the crime was committed, he "would not give counsel any information or evidence that he was at another place at the time of the crime, and the only alibi witness he gave them was willing to fabricate evidence." (R. at 1096.) The PCR court credited counsels' testimony and concluded Petitioner's testimony was not credible. These factual findings on credibility are "presumed to be correct"; Petitioner has the "burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003). Petitioner has not done so. Petitioner's trial counsel investigated Petitioner's alibi witness and made the strategic decision not to present this witness at trial. His trial counsel testified at the PCR hearing that presenting Jones' testimony would have hurt their defense. (R. at 1047.) The PCR court's rejection of this claim does not meet the standard for relief set forth in § 2254; Petitioner has not "overcome the presumption that . . . the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689; see also Boseman v. Bazzle, 364 Fed. App'x 796, 809-10 (4th Cir. 2010) (PCR court's conclusion that counsel exercised reasonable professional judgment in his decision not to present the alibi witness was not contrary to or an unreasonable application of Strickland). The undersigned therefore recommends granting summary judgment to Respondent on Ground One.[3]

---

[3]To the extent Petitioner claims his counsel was ineffective for failing to request an alibi charge, that claim must be rejected because there was no evidence presented at trial of an alibi. As noted above, Petitioner's statement that he did not know anything about the crime and was not involved does not constitute an alibi. See Diamond, 280 S.C. at 297, 312

13

**B. Ground Two**

In Ground Two, Petitioner contends that "[t]here should have been a D.N.A. charge" because "[t]hroughout [his] case file and throughout [his] trial the discussion was: the body had 2 foreign hairs on it." (Dkt. No. 1.) Respondent contends in his Motion for Summary Judgment that Ground Two is procedurally barred. (See Dkt. No. 21 at 32-33.) The undersigned agrees.

As Respondent notes, this issue was not raised at trial, on direct appeal, or in the petition for writ of certiorari after denial of his application for post-conviction relief. (Dkt. No. 21 at 49.) The issue is therefore barred. Petitioner appears to recognize as much because, in his petition, he states that he did not exhaust Ground Two because "[t]his is new and significant information." (Dkt. No. 1 at 7 of 14.) To the extent Petitioner attempts to argue cause and prejudice for the default, based on this "new and significant" information, that claim must be rejected. As Petitioner notes, the hairs were discussed at trial. (See, e.g., R. at 884-85.) Petitioner's claim set forth in Ground Two is defaulted, and Respondent is entitled to summary judgment on this claim.

**C. Ground Three**

Petitioner contends in Ground Three that he "should have been offered a manslaughter plea." (Dkt. No. 1.) He states in his petition that trial counsel testified Petitioner had been offered fifteen years to plead guilty to manslaughter but "[t]here is no recorded information in my trial transcript to support this claim . . . ." (Dkt. No. 1.) Petitioner did not raise this issue at his PCR hearing, and Petitioner did not raise this issue in his appeal from the denial of his application for post-conviction relief. The issue is therefore

---

S.E.2d at 550; see also Walker, 397 S.C. at 238; 723 S.E.2d at 617; Jett, 18 Fed. App'x at 240. Because Petitioner was not entitled to an alibi charge, counsel's failure to request such a charge did not prejudice Petitioner.

14

barred. See Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004) (concluding that certain grounds are "procedurally defaulted as a result of [the petitioner's] failure to raise them in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision"). Just as with Ground Two, Petitioner appears to recognize a default issue with respect to Ground Three; in his petition, he states that he did not exhaust Ground Two because "[t]his is new and significant information." (Dkt. No. 1 at 8 of 14.)

To the extent Petitioner attempts to argue cause and prejudice for the default, based on this "new and significant" information, that claim must be rejected. Petitioner claims this information came to light at his PCR hearing. The issue was not, however, addressed in Judge Goldsmith's order, nor did Petitioner raise it on appeal from the denial of his post-conviction relief application. (See R. at 1080-1104; see also Dkt. No. 21-13.) The claim set forth in Ground Three is therefore defaulted, and Respondent is entitled to summary judgment on this claim.

15

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, Respondent's Motion for Summary Judgment (Dkt. No. 20) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be DENIED.[4]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 20, 2013
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[4] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).